# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elayne Broome, | No. CV-24-00484-TUC-AMM |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

On February 27, 2025, Magistrate Judge Jacqueline M. Rateau issued a Report and Recommendation ("R&R") recommending this Court reverse the Commissioner of Social Security's ("Commissioner") final non-disability decision and remand the matter for further proceedings. (Doc. 22.) The Commissioner filed objections to the R&R. (Doc. 23.) Plaintiff did not respond to the objections. For the reasons discussed below, the Court will overrule the Commissioner's objections and remand this matter to the Social Security Administration for further proceedings.

A district court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Committee Notes 1983 Addition. A district judge may "accept, reject, or modify, in whole

or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1).

## I. Brief Background[1]

On September 30, 2024, Plaintiff Elayne Broome, a self-represented litigant, filed a Complaint seeking judicial review of the Commissioner's final non-disability decision under the Social Security Act, 42 U.S.C. § 405(g). (Doc. 1.) Broome applied for disability insurance benefits on August 5, 2021 due to limitations caused by her Type 1 diabetes, hyperthyroidism, and dyslipidemia diagnoses. (Doc. 16-3 at 18; Doc. 16-8 at 277–78.) The ALJ found Broome was not disabled as defined in the Social Security Act, 20 C.F.R. § 404.1520(g). (Doc. 16-3 at 27.)

In its disability analysis, the ALJ determined that Broome had a Residual Functional Capacity ("RFC") "to perform a full range of work at all exertional levels but with the following nonexertional limitations: [Broome] can never climb ladders/ropes/scaffolds and should avoid even moderate exposure to unprotected heights and moving machinery." (*Id.* at 23.) In so determining, the ALJ found only Dr. Keith Shelman's medical opinion persuasive.[2] (*Id.* at 26.) The ALJ asserted that "[t]here is no treating source opinion that [Broome] is more limited" than as provided in the RFC. (*Id.*) However, it does not appear from the record that the ALJ obtained an assessment from Broome's treating physician.

## II. Legal Standard

District courts may overturn an ALJ's decision to deny disability benefits "when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999)). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). The reviewing court is limited to the evidence in the administrative record and "must consider the entire record as a whole and may not

---

[1] The Commissioner did not object to the following sections in the R&R: "Procedural History," "Factual Background," "Statement of Medical Evidence," "Hearing Testimony," and "Prior Administrative Medical Evidence of Record." (*See* Doc. 23.) After reviewing for clear error, the Court will adopt these sections. The Court provides this brief background for context.
[2] Dr. Shelman was incorrectly referred to as Dr. "Sherman" in the R&R.

affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir.1989)); 42 U.S.C. § 405(g).

To determine whether a claimant is disabled, the ALJ conducts a five-step sequential analysis. *Tackett*, 180 F.3d at 1098. "Once a claimant establishes at steps one through four . . . that she suffers from a severe impairment that prevents her from doing any work she has done in the past, or that she has a severe impairment and has no relevant past work, she has made out a prima facie case of a disability." *White v. Kijakazi*, 44 F.4th 828, 833 (9th Cir. 2022). While the claimant bears the burden of proof in steps one through four, the Commissioner shares this burden at each step by having an affirmative duty to assist the claimant in developing the record. *Tackett*, 180 F.3d at 1098 n.3 (citing 20 C.F.R. § 404.1512(d) (current version at 20 C.F.R. § 404.1512(b)(1))).

## III. Discussion

The Magistrate Judge found Dr. Shelman's medical opinion ambiguous because he failed to: (1) consider Broome's weakness due to low blood glucose in determining her functional capacity, and (2) address the consistency of Broome's statements regarding the severity of her Type 1 diabetes symptoms. (Doc. 22 at 14.) Because the ALJ relied exclusively on Dr. Shelman's medical opinion, the Magistrate Judge determined the RFC formulation was not supported by medical opinion evidence and was therefore not supported by substantial evidence. (*Id.* at 14–15.) The Magistrate Judge further found that this error was not harmless because it was consequential to the ALJ's non-disability determination. (*Id.* at 15.) The Magistrate Judge concluded that because the record is insufficient to evaluate Broome's functional limitations, the matter should be remanded to the agency for record development, such as by obtaining "medical opinion evidence . . . from Dr. Kaur, Broome's treating physician, or from a consultative examiner."[3] (*Id.* at 16–17.)

---

[3] The Magistrate Judge correctly noted that the ALJ has a "heightened duty to develop the record because Broome is proceeding pro se . . . ." (Doc. 22 at 18.) *See Celaya v. Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003) (noting ALJ's special duty to develop the record is heightened for self-represented litigants).

The Commissioner objects to the Magistrate Judge's recommendation to reverse and remand this matter. (Doc. 23 at 9.) First, the Commissioner objects to the finding that Dr. Shelman's medical opinion is ambiguous. (*Id.* at 5.) The Commissioner asserts that the ALJ did not err in finding Dr. Shelman's medical assessment to be persuasive notwithstanding the fact that the ALJ did not adopt any limitations to account for Broome's weakness when formulating her RFC. (*Id.* at 5.) The Commissioner further asserts that Dr. Shelman's opinion that Broome's statements were "partially consistent" with the evidence does not preclude the ALJ's finding that Broome's testimony was only "partially credible." (*Id.*) The Commissioner argues that "to the extent Dr. Shelman's findings were 'ambiguous,' the ALJ's analysis, when read as a whole, resolves any ambiguities and shows which claims the ALJ found supported and which she did not." (*Id.* at 8.) The Commissioner concludes that because the ALJ "properly considered all of the evidence of record," the ALJ's decision is supported by substantial evidence. (*Id.* at 9.)

For the reasons discussed below, the Court finds that the ALJ's RFC formulation is not supported by substantial evidence. The Commissioner's objections are therefore overruled.

**A. The ALJ erred in relying on Dr. Shelman's medical opinion in formulating Broome's RFC.**

The ALJ is responsible for determining a claimant's RFC only after considering the claimant's medical impairments based on the record and the claimant's credible symptom testimony. *See Trevizo v. Berryhill*, 871 F.3d 664, 679 n.6 (9th Cir. 2017). "The ALJ is required to consider all of the limitations imposed by the claimant's impairments, even those that are not severe." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (the ALJ erred in not including in his RFC assessment plaintiff's relevant limitation of tendinitis that limited his ability to perform rotary movement). "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his

conclusion." *Garrison*, 759 F.3d at 1012–13.

In formulating Broome's RFC, the ALJ found only Dr. Shelman's opinion persuasive.[4] (Doc. 16-3 at 26.) Dr. Shelman evaluated Broome's symptoms to include weakness and weakness due to low blood sugar. (Doc. 16-4 at 7.) Further, Dr. Shelman found Broome's Type 1 diabetes to be "severe." (*Id.* at 6.) Notwithstanding these findings, Dr. Shelman nevertheless determined that Broome had the functional capacity to do physical activities without *any* exertional limitation and with only the non-exertional limitations against climbing ladders, ropes, and scaffolds, and "avoid[ing] even moderate exposure" to hazards such as machinery and heights. (*Id.* at 7–8.) The critical issue here is that Dr. Shelman failed to expressly explain what impact, if any, Broome's weakness would have on her ability to do physical activities, leaving the ALJ with an incomplete record of Broome's functional capacity. (*See id.* at 7–9.) Despite this incomplete record, and despite Broome's symptom testimony, the ALJ relied on Dr. Shelman's medical opinion to determine that Broome's RFC should not include *any* exertional limitation. (Doc. 16-3 at 23–26.)

Consequently, the ALJ erred in formulating Broome's RFC without explaining why Broome's symptoms—which Broome testified to and Dr. Shelman found—were not accounted for in her exertional limitations. It was incumbent upon the ALJ to further develop the record to fill in the gap in Dr. Shelman's assessment of Broome's functional capacity, such as by obtaining Broome's treating physician's medial opinion. *See Carmickle*, 533 F.3d at 1164 ("The ALJ is responsible for resolving conflicts in the medical record." (citing *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003))); *Tackett*, 180 F.3d at 1098 n.3 (the ALJ has an affirmative duty to assist the claimant in developing the record); *Celaya*, 332 F.3d at 1182 (the claimant's status as a self-represented litigant should further "alert[] [the ALJ] to the need to develop the record"). Here, the ALJ was aware that Broome was a self-represented litigant, but she did not obtain Broome's treating physician's opinion and left unresolved the incomplete record regarding the limitations

---

[4] Without explanation, the ALJ found Dr. Neil Sapin's opinion unpersuasive. (Doc. 16-3 at 26.)

caused by Broome's symptoms. As such, the RFC is not supported by substantial evidence, which carried over to the disability determination.[5] The Court will therefore reverse the decision and remand this matter for further record development and proceedings, including but not limited to obtaining Broome's treating physician's medical opinion, a consultative examination, or both before issuing a new disability determination.

### IV. Conclusion

The Court has reviewed the Magistrate Judge's R&R (Doc. 22), the Commissioner's objections (Doc. 23), the parties' briefs (Docs. 19, 21), and the record. Upon a de novo review of the objected to portions of the R&R, and clear error review of the unopposed portions, the Court adopts the Magistrate Judge's recommendation to reverse the ALJ's decision and remand this matter to the Social Security Administration for further proceedings.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation is **ADOPTED AS TO ITS RECOMMENDATION FOR REVERSAL AND REMAND.** (Doc. 22.)

**IT IS FURTHER ORDERED** that the ALJ's decision is **REVERSED**, and this matter is **REMANDED** to the Social Security Administration for further proceedings. The Clerk of Court shall enter judgment accordingly and close this case.

Dated this 29th day of September, 2025.

_____
Honorable Angela M. Martinez
United States District Judge

---

[5] The Magistrate Judge further reasoned that Dr. Shelman's opinion is ambiguous because he failed to explain why or to what extent he found Broome's statements regarding her symptoms "[p]artially consistent" with the total medical and non-medical evidence in the file. (Doc. 22 at 14 (citing Doc. 16-4 at 7).) Because the Court finds reversal is proper based on the RFC formation, it does not address Dr. Shelman's credibility finding. Nevertheless, upon remand, the ALJ may seek to ensure any credibility finding is sufficiently explained.